IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2017 Session

## RONALD MILLER v. MARK GYWN, DIRECTOR OF THE TENNESSEE BUREAU OF INVESTIGATION

**Appeal from the Chancery Court for Sullivan County**
**No. 15-CV-18092     E.G. Moody, Chancellor**

---

**No. E2017-00784-COA-R3-CV**

---

In 2001, Ronald Miller was convicted, in Maryland, of sexually molesting his eleven-year-old niece. When he moved to Tennessee in 2007, he registered with the sex offender registry (SOR). The Tennessee Bureau of Investigation subsequently reclassified him several times. In 2013, the TBI granted Miller's request to be removed from the SOR. However, in 2014, the General Assembly amended Tenn. Code Ann. § 40-39-207 (2014 & Supp.2017), to require lifetime registration for an offender whose victim was twelve years old or younger. The TBI reinstated Miller on the SOR pursuant to this amendment. Miller appealed to the trial court under the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-322 (2015 & Supp.2017). The trial court reversed the TBI's decision, holding that "TBI is bound by the face of the [Maryland] conviction offense, and since no provision of the offense involves a crime against a child ages twelve (12) years or less, the Petitioner does not have to comply with the lifetime registry requirements." The Maryland statute at the time of the offense provided that "a person may not engage in . . . sexual contact with another without the consent of the other." We hold that the TBI demonstrated that Miller was convicted of this offense, and that his victim was eleven years old at the time of the offense. Based on our review of the record, we hold that the TBI's decision was neither arbitrary nor capricious or unsupported by substantial and material evidence. We reverse the trial court's judgment and hold that Miller must be registered on the SOR for life.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., joined. THOMAS R. FRIERSON, II, J., not participating.

1

Herbert H. Slatery, III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Brooke K. Schiferle, Assistant Attorney General, Nashville, Tennessee, for the appellant, Mark Gywn, Director of the Tennessee Bureau of Investigation.

Carl Roberts, Jr., Elizabethton, Tennessee, for the appellee, Ronald Miller.


## I.

In September of 2000, Miller was accused of sexually molesting his niece in an incident that occurred in July of 1998. According to the sworn application for statement of charges filed in Anne Arundel County, Maryland, Miller lifted up her shirt, sucked on her breasts, and inserted his finger in her vagina. He told her not to tell anyone or he would hurt her. He was indicted on four counts, the last of which was Fourth Degree Sexual Offense. Miller entered an Alford plea[1] on this count, resulting in his conviction on March 20, 2001. In July 1998, the victim was eleven years old.

Miller moved to Tennessee in 2007 and registered with the SOR. He was initially classified as a violent sexual offender, a designation that would have required him to remain on the SOR for life. On August 7, 2009, the TBI sent Miller a letter stating, in pertinent part, as follows:

> Your initial classification as a "violent" offender occurred because your victim was eleven years old. In Tennessee, the definition of a child is one under the age of thirteen. An offense against a child is generally considered "violent." However, based on research on old Maryland laws and recent

---

[1] The Tennessee Supreme Court has explained an Alford plea as follows:

> Although uncommon, criminal defendants also may plead guilty while maintaining that they did not commit the crime charged. Such pleas are often referred to as "Alford pleas" based on the United States Supreme Court case, *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In *Alford*, our nation's high court held that a defendant who professed his innocence could nonetheless enter a constitutionally valid guilty plea when the defendant "intelligently concludes that his interests require entry of a guilty plea." *Id*. at 37, 91 S.Ct. 160. Our Rules of Criminal Procedure refer to such pleas as "nolo contendere" pleas. Tenn. R. Crim. P. 11(a)(2); *see also State v. Crowe*, 168 S.W.3d 731, 743 (Tenn. 2005).

*Frazier v. State*, 495 S.W.3d 246, 250 n.1 (Tenn. 2016).

discussions with the State Attorney General's office, it appears that the elements of your crime indicate that the offense must occur against an older minor, which takes your crime out of the "violent" classification. In determining classification, we are bound not by the actual age of the victim, but by the age of the victim as defined in the elements of the crime (if age is defined).

Since age is defined in your crime and it does not fit the criteria of being under the age of thirteen, TBI will change your classification to "sexual" and you will, at the appropriate time, be eligible for removal from the Registry.

The TBI's determination in this letter that "the elements of your crime indicate that the offense must occur against an older minor" was, as we will explain later in this opinion, an erroneous interpretation of the Maryland statute defining Fourth Degree Sexual Offense.

Later, Miller applied for his removal from the SOR, which the TBI granted on July 17, 2013. However, effective July 1, 2014, the legislature amended Tenn. Code Ann. § 40-39-207(g)(1) to provide that:

An offender required to register under this part shall continue to comply with the registration, verification and tracking requirements for the life of that offender, if that offender:

* * *

(C) Has been convicted of an offense in which the victim was a child of twelve (12) years of age or less.

The TBI, applying this new statutory section, notified Miller on September 25, 2014, that it was reinstating him on the SOR.[2] He appealed this decision to the trial court under the provisions of the TUAPA, Tenn. Code Ann. § 4-5-322. The trial court reversed the TBI's decision, ruling as follows in pertinent part:

---

[2] The Supreme Court has observed that the Tennessee sexual offender registration act "evinces a clear intent that the registration requirements be applied retroactively to any sexual offender." *State v. Ward*, 315 S.W.3d 461, 468 (Tenn. 2010); *accord* *Livingston v. State,* No. M2009-01900-COA-R3-CV, 2010 WL 3928634, at *2 (Tenn. Ct. App., filed Oct. 6, 2010). On this appeal, Miller does not raise any issue regarding the statute's retroactive application to him.

3

In July of 1998, the victim was eleven (11) years old; she was thirteen (13) years old at the time she gave her statement to police and she was fourteen (14) years old when the Petitioner was convicted.

\*     \*     \*

The TBI incorrectly denied the Petitioner's request to be removed from the registry.

Maryland's fourth degree sex offense only pertains to victims who are fourteen (14) or fifteen (15) years of age.

Since there is no evidence to corroborate the victim's statement that she was eleven (11) years old at time of the offense, TBI cannot use the victim's statement to specify under which provision that the Petitioner plead.

TBI is bound by the face of the conviction offense, and since no provision of the offense involves a crime against a child ages twelve (12) years or less, the Petitioner does not have to comply with the lifetime registry requirements.

(Paragraph numbering in original omitted.)  The TBI timely filed a notice of appeal.

## II.

The TBI raises the issue of whether the trial court erred by reversing its decision that Miller must be registered on the SOR for life because he was "convicted of an offense in which the victim was a child of twelve . . . years of age or less," under Tenn. Code Ann. § 40-39-207(g)(1)(C).

## III.

The Supreme Court has provided the following guidance regarding the standard of review of an administrative agency's decision under the TUAPA:

The Uniform Administrative Procedures Act ("the Act"), Tenn. Code Ann. §§ 4–5–101 to –404 (2011), sets forth the extent of judicial authority to review agency decisions.

4

\*     \*     \*

The reviewing court's standard of review is narrow and deferential. *Wayne Cnty. v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279 (Tenn. Ct. App. 1988). The decision of the agency may be reversed or modified if the decision is shown to be:

> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
>
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h).

This narrow standard of review, as opposed to the broader standard of review applied in other appeals, reflects the general principle that courts should defer to decisions of administrative agencies when they are acting within their area of specialized knowledge, experience, and expertise. Courts do not review questions of fact de novo and, therefore, do not second-guess the agency as to the weight of the evidence.

5

This is true even if the evidence could support a different result.

The Act makes clear that a reviewing court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Tenn. Code Ann. § 4–5–322(h)(5)(B). An appellate court applies the same limited standard of review as the trial court.

*StarLink Logistics, Inc. v. ACC, LLC*, 494 S.W.3d 659, 668-69 (Tenn. 2016) (internal citations omitted).

**IV.**

Tenn. Code Ann. § 40-39-202(1) provides, in pertinent part, as follows:

A conviction, whether upon a plea of guilty, a plea of nolo contendere or a finding of guilt by a jury or the court for an offense committed in another jurisdiction that would be classified as a sexual offense or a violent sexual offense if committed in this state shall be considered a conviction for the purposes of this part.

TBI filed the affidavit of its general counsel, Jeanne Broadwell, who stated that "[i]t is TBI's obligation to classify convictions from other jurisdictions for purposes of Tennessee Sexual Offender Registration." *See also Livingston*, 2010 WL 3928634, at *1, *3.

At the time of Miller's conviction, the Maryland statute defined "sexual offense in the fourth degree" as follows in pertinent part:

(b) *Prohibited* – A person may not engage in:

(1) *sexual contact with another without the consent of the other*;

(2) except as provided in § 3-307(a)(4) of this subtitle, a sexual act with another if the victim is 14 or 15 years old, and the person performing the sexual act is at least 4 years older than the victim; or

6

(3) except as provided in § 3-307(a)(5) of this subtitle, vaginal intercourse with another if the victim is 14 or 15 years old, and the person performing the act is at least 4 years older than the victim.

Maryland Code, Criminal Law Article, § 3-308 (2001) (the word "prohibited" italicized in original; other italics added). The TBI's examination of this statute, and its conclusions, were explained by Ms. Broadwell as follows:

> Based on my review of the relevant Maryland statute . . . it is clear that each subsection of the statute contains a crime with different elements.
>
> In such a case, TBI is obligated to look beyond the face of the conviction to determine what crime the offender was convicted of, in order to compare the correct elements against the elements of sexual offenses in Tennessee.
>
> Based on my review of the indictment, and affidavits contained in Mr. Miller's criminal file which were provided to TBI by the state of Maryland, the victim was eleven years old at the time of the crime.
>
> To confirm, TBI requested further information from the Ann[e] Arundel Police Department and received a letter containing the victim's date of birth.
>
> The date of birth, 11/18/1986, confirmed that the victim was age eleven at the time of the criminal act.
>
> Two of the subsections in the statute of which Mr. Miller was convicted require, as an element of the crime, that the victim be 14 or 15 years old at the time of the offense, which is not supported by the facts of the case and would in fact be in opposition to the facts.
>
> Only one of the subsections in the statute of which Mr. Miller was convicted lacks an age requirement, and criminalizes the following conduct: "A person is guilty of a sexual offense in the fourth degree if the person engages (1) in sexual contact

7

with another person against the will and without the consent of the other person."

Based on a review of the above described documents and statutes, TBI determined that the act for which Mr. Miller was convicted was sexual contact with his eleven-year old niece, against her will and without her consent.

In assessing this case, TBI has found that the Tennessee statute most closely analogous to that subsection, is Sexual Battery, found in Tenn. Code Ann. § 39-13-505.

\* \* \*

A Sexual Battery conviction pursuant to Tenn. Code Ann. § 39-13-505 is classified as a sexual offense pursuant to TCA § 40-39-202(20)(A)(i). Likewise, the conviction under an analogous statute from another jurisdiction is similarly classified as a sexual offense pursuant to TCA § 40-39-202(1).

(Internal citation and numbering in original omitted.)

As can be seen from a review of the language of the Maryland statute, the trial court's statement that "no provision of the offense involves a crime against a child age[] twelve (12) years or less" is clearly erroneous. The trial court's finding that "Maryland's fourth degree sex offense only pertains to victims who are fourteen (14) or fifteen (15) years of age" is also incorrect. The statute prohibits, among other things, "sexual contact with another without the consent of the other," without a specified age element. The trial court found that the victim was eleven years old in July of 1998. Miller does not challenge that finding, nor does he dispute that the victim's birthday is November 18, 1986. He argues that the TBI did not establish that his crime occurred in July of 1998.

This Court addressed a similar situation in *Livingston*, 2010 WL 3928634, wherein a petitioner appealed his classification as a violent sexual offender stemming from his conviction of the offense of sexual misconduct in New York. *Id.* at \*1. We stated:

When an offense committed in another jurisdiction is not identified as a sexual offense in this state, we must look to the elements of the offense to determine its classification in

8

Tennessee. *See* Tenn. Code Ann. § 40-39-207(g)(2) (using an "elements" test to determine whether a prior conviction qualifies as a sexual offense).

\*     \*     \*

In classifying Appellant as a violent sexual offender, the TBI "reviewed the police report supplied by law enforcement officials in Onondaga County, New York to determine the nature and circumstances of [Appellant's] conviction." Appellant charges this as error, claiming that the TBI should look only to the elements of the convicted crime to determine whether the conviction qualifies as a sexual offense or a violent sexual offense in Tennessee. *Because the crime for which Appellant was convicted can be committed in a number of ways, two qualifying as a sexual offense in Tennessee and the other not, the TBI had no choice but to review evidence regarding the factual basis underlying his conviction to determine the elements of the convicted offense.*

*Id.* at *3 (emphasis added; brackets in original). The **Livingston** Court, approving the TBI's examination of Livingston's "voluntary affidavit" in which "he confessed to sexual contact with his female victim while she was between the ages of eleven and fifteen," affirmed the TBI's classification of him as a violent sexual offender. *Id*. at *4.

Examining the "evidence regarding the factual basis underlying his conviction," *id.*, and bearing in mind the "narrow and deferential" standard of review applicable to the TBI's decision, **StarLink Logistics**, 494 S.W.3d at 668, we find that the TBI's decision was not arbitrary or capricious, nor unsupported by substantial and material evidence. As noted, Miller does not dispute that his victim was eleven years old in July of 1998. The sworn application for statement of charges filed to initiate the Maryland criminal case indicates that "the victim was eleven years old at the time of the incident." Miller himself filled out numerous sworn statements in his Tennessee Sexual Offender tracking forms, in which he declared, under penalty of perjury, that his victim was eleven years old. His sworn statements further indicate that the date of the offense was July 31, 1998.

Moreover, the Maryland criminal hearing sheet recording Miller's conviction indicates that he entered an Alford plea to "count #4" of the indictment. The indictment alleges that Miller "committed the following offenses *on or about July 1, 1998, through July 31, 1998*," the fourth count of which was the charge of fourth degree sexual offense. (Emphasis added.) Therefore, Miller knew from the indictment that he was being

9

charged with crimes committed in July of 1998, and voluntarily chose to enter his Alford plea, resulting in conviction. Under Tenn. Code Ann. § 40-39-207(g)(1)(C), the TBI correctly reinstated Miller on the SOR for life, because he was "convicted of an offense in which the victim was a child of twelve . . . years of age or less."

## V.

The judgment of the trial court is reversed. The TBI's decision to re-enroll Miller on the sex offender registry is reinstated. Costs on appeal are assessed to the appellee, Ronald Miller.

_____
CHARLES D. SUSANO, JR., JUDGE